UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KARMEN ESTERS,** } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | **CASE NO. CV 08-B-69-S** |
| } | |
| **THE EPISCOPAL FOUNDATION** } | |
| **OF JEFFERSON COUNTY, doing** } | |
| **business as ST. MARTIN'S IN THE** } | |
| **PINES,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is presently before the court on defendant The Episcopal Foundation of Jefferson County, doing business as St. Martin's in the Pines's ("St. Martin's") Motion to Dismiss, (doc. 5),[1] seeking dismissal of Count Four of plaintiff Karmen Esters's ("Esters") Complaint, (doc. 1),[2] for failure to state a claim upon which relief can be granted. Based upon the record, the arguments of counsel, the submissions of the parties, and the relevant law, the court is of the opinion that St. Martin's motion to dismiss is due to be denied.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Subsequent to St. Martin's Motion to Dismiss, Esters filed an Amended and Restated Complaint, (doc. 11), that changed the original complaint only by adding the full title of the defendant, and that therefore re-alleged all four counts in the original complaint. The remainder of this opinion will refer to Esters's amended complaint as the current pleading.

1

## I. STANDARD ON 12(b)(6) MOTION TO DISMISS

According to the Federal Rules of Civil Procedure ("the Federal Rules"), a pleading that states a claim for relief must contain, besides an assertion of the grounds for the court's jurisdiction and a demand for relief, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules, the court must accept the factual allegations presented in the complaint as true and construe them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Supreme Court has recently explained that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *See Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964–65 (2007) (internal citations omitted) (bracketed alteration in original). In essence, then, the Supreme Court has held that a motion to dismiss must be denied when "[plaintiffs' claims] may be supported by showing any set of facts consistent with the allegations in the complaint." *See Twombly*, 127 S.Ct. at 1969 (substantively rephrasing and thereby broadening the "no set of facts" dismissal standard that was the Supreme

Court's previous precedent in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

## II. SUMMARY OF ALLEGATIONS

Esters's amended complaint invokes the court's jurisdiction under the Fair Labor Standards Act ("FLSA") and seeks injunctive relief and damages for St. Martin's alleged violations of the FLSA in failing to pay Esters, a certified nursing assistant, and other similarly-situated employees appropriate overtime compensation for all hours worked over forty per work week.  (Doc. 11 at ¶¶ 1, 5–6.)  Specifically, Esters maintains that St. Martin's violated the FLSA by: 1) not providing Esters and similarly-situated employees with, and not paying them for, an uninterrupted meal break pursuant to 29 C.F.R. 785.19, since St. Martin's automatically deducted thirty-minute unpaid lunch breaks from the employees' daily time sheets but expected the employees to work through lunch, and 2) not compensating Esters and similarly-situated employees for "off the clock" and unauthorized pre-shift work,[3] which was in excess of their forty hours per week and for which they were thus entitled to overtime pay.  (*Id.* at ¶¶ 13–20.)  Because Esters contends that these allegations are potentially common to all employees of St. Martin's, Esters claims that she is entitled to bring her suit as an opt-in collective action under the FLSA.  (*Id.* at ¶¶ 21–30.)

Esters's fourth and final count, the sole subject of the instant motion, reads as

---

[3] At oral argument, Esters's counsel, David Arendall, represented to the court that he anticipated filing a second amended complaint to allege that *post*-shift work was also uncompensated, explaining that any failure to mention post-shift work in the original and first amended complaint was merely an oversight.

follows:

> **VII. COUNT FOUR – WORK AND LABOR**
> 31. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 30 above as if fully set forth herein.
> 32. Defendant owes Plaintiff, and other similarly situated employees, one-half hour per work day, including vacation days, arbitrarily deducted from Plaintiff's, and other similarly situated employees [sic], pay for unpaid lunch periods.  Plaintiff, and other similarly situated employees, performed work during all or most of these lunch periods for the benefit of Defendant for which they were not paid.
> 33. As a result of Defendant's actions, Plaintiff, and other similarly situated employees, has [sic] been damaged.

(Doc. 11 at ¶¶ 31–33.)

## III. DISCUSSION

St. Martin's asserts that Count Four should be dismissed because it does not cite to any statutory or common law cause of action allowing recovery for unpaid lunch periods during which work was performed.  (Doc. 5 at ¶ 5.)  In addition, St. Martin's argues that even if employees were uncompensated for a working lunch period that either caused them to work more than forty hours in a week or caused their pay to drop below the regular rate of pay,[4] the employees would have a claim exclusively under the FLSA, a statute whose authority Esters has already invoked in Counts One through Three.  (*Id.* at

---

[4] St. Martin's argues that it is only necessary to show that any failure to compensate caused the employees' pay to drop below the *minimum wage*, but the court notes that the FLSA requires the employees' pay to be calculated based on the "regular rate at which [the employee] is employed," not at the minimum wage.  *See* 29 U.S.C. § 207(a)(1); *Mumbower v. H.R. Callicott*, 526 F.2d 1183, 1187 (8th Cir. 1975) (finding that a calculation of an employee's pay based on the minimum wage, rather than the "regular rate," was clearly erroneous).

¶¶ 5–6.)

In her opposition to the motion to dismiss, Esters acknowledges that Count Four is *not* a claim under the FLSA and is unrelated to unpaid overtime; instead, Esters clarifies that Count Four only involves unpaid lunch periods that occurred during weeks in which Esters and similarly-situated employees did not work over forty hours total, and therefore did not qualify for overtime compensation protected under the FLSA.  (Doc. 9 at ¶¶ 2, 5.) Esters's opposition also notifies the court of the legal basis for Count Four: the Alabama common law cause of action for "work and labor done."  According to Alabama law, then, "[I]f [St. Martin's] knowingly accepts services rendered by [Esters and similarly-situated employees], and the benefit and result thereof, the law implies a promise on the part of [St. Martin's], to pay the reasonable value of such services rendered."  *See Associates Comm. Corp. v. Roberts*, 844 So. 2d 1256, 1261 (Ala. Civ. App. 2002) (internal quotation marks omitted); *see also G.S. Gothard and Son Contractors, Inc. v. Mansel*, 611 So. 2d 1101, 1102–03 (Ala. Civ. App. 1992).  Although this equitable cause of action does require the existence of either an express or implied contract, *see id.*, the court finds that Esters has sufficiently alluded to such a contract in her complaint by virtue of her employment agreement with St. Martin's.

While Esters certainly might have provided some indication of the authority from which her "work and labor" claim is derived in her original or amended complaint, and might have been more explicit that the claim related only to weeks in which she and other

5

similarly-situated employees did *not* work over forty hours, the failure to provide such detail is not fatal to her case. The court finds that Esters did sufficiently allege the basic factual allegations necessary to show that she and other similarly-situated employees are entitled to relief; namely, that the employees were not compensated for half-hour working lunch periods because those periods were automatically deducted from their pay, and that St. Martin's benefitted from this uncompensated work. As a result, the court concludes that Count Four does contain a satisfactory "short and plain statement of the claim showing that [Esters and other similarly-situated employees are] entitled to relief" and should not be dismissed.

The court briefly addresses one additional argument implied in St. Martin's motion: whether Count Four, under whatever legal theory characterized, is preempted by the FLSA. The FLSA governs minimum wages and overtime compensation for certain classes of employees, 29 U.S.C. §§ 206, 207, and provides the following remedy:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). To the extent that the FLSA is the exclusive remedy for unpaid minimum wages and unpaid overtime compensation, the FLSA would preempt equivalent state law causes of action, *see Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991), but as Esters maintains in her opposition, Count Four refers exclusively to unpaid

compensation that does not involve either minimum wages or overtime, and instead consists solely of unpaid working lunch periods during weeks in which the employees did not work over forty hours total. Assuming, as Esters has represented in her opposition, that Esters's "work and labor" claim is unrelated to minimum wages or overtime, the FLSA does not preempt it, and Count Four thus remains a valid source of independent state law relief. *See Wigginton v. Coffee Health Group*, No. 08-227 (N.D. Ala. filed Feb. 7, 2008).

## IV. CONCLUSION

Because St. Martin's has not shown that Count Four of Esters's amended complaint fails to state a claim upon which relief can be granted, its Motion to Dismiss, (doc. 5), is due to be denied.[5] An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 25th day of August, 2008.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The court observes that because Count Four is not an FLSA claim, but is still alleged on behalf of Esters and *other similarly-situated employees*, the claim will proceed under Rule 23 of the Federal Rules, which allows a member of a class to sue as a representative party on behalf of all members of the class in certain situations, and which requires class members to affirmatively "opt out" in order to be excluded from the class. *See* Fed. R. Civ. P. 23(a), 23(c)(2)(v).